UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD ANTWANE WILBURN, JR.,

    Petitioner,

CASE NO. 1:15-CV-581

v.

HON. ROBERT J. JONKER

SHERRY BURT,

    Respondent.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 2) and Petitioner's Objections to the Magistrate Judge's Report and Recommendation (docket # 3). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. The Court finds the Magistrate Judge's Report and Recommendation (docket # 2) is factually sound and legally correct.

The Magistrate Judge recommends denying Petitioner's habeas petition as barred by the one-year statute of limitations. In his Objections, Petitioner does not present any reason equitable tolling should apply. Petitioner does not allege actual innocence or offer any evidence of actual innocence. He contends that alleged ineffective assistance of counsel at sentencing excuses him from the procedural bar the statute of limitations imposes. Petitioner is simply mistaken. Absent equitable tolling or a showing of actual innocence, neither of which is present here, the statute of limitations bars this case. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931–32 (2013). Petitioner's habeas petition is untimely and must be denied, for precisely the reasons the Magistrate Judge describes.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901–02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The Court does not believe that reasonable jurists would find the Court's assessment of the claim Petitioner raised debatable or wrong.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 2) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DENIED** as barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability is **DENIED**.

Dated:      July 24, 2015              /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    CHIEF UNITED STATES DISTRICT JUDGE